IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEREMY RHEA GREEN**

v.  Civil No. 1:24-cv-18-HSO
Criminal No. 1:22-cr-9-HSO-RPM-1

**UNITED STATES OF AMERICA**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JEREMY RHEA GREEN'S MOTION [55] TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is Defendant Jeremy Rhea Green's ("Defendant") Motion [55] to Vacate under 28 U.S.C. § 2255.  The Court has considered the Motion [55] in light of relevant legal authority and the record, and finds that because "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Motion [36] should be denied without an evidentiary hearing.  28 U.S.C. § 2255(b).

### I.  BACKGROUND

A.  Procedural history

On June 27, 2022, Defendant pleaded guilty to Counts 1 and 4 of the Superseding Indictment [23] in this case.  Minute Entry, June 27, 2022.  Count 1 charged Defendant with knowingly possessing with intent to distribute 50 grams or more of methamphetamine, and Count 4 charged him with knowingly possessing a firearm in furtherance of a drug trafficking crime.  *See* Superseding Indictment [23] at 1-2.  The United States Probation Office prepared a Presentence Report [41] ("PSR") to assist the Court in sentencing.  *See* PSR [41] (under seal).

The PSR [41] found Defendant responsible for possessing 6.7 kilograms of high purity methamphetamine, such that his base offense level was 38. *Id.* at 12. He was then assessed a two-level drug importation enhancement because "[t]he offense involved 72.75 grams of methamphetamine (actual) with purity levels of 100%, and 97%." *Id.* Defendant received a three-level reduction for acceptance of responsibility, making his total offense level 37, *id.* at 12, and his criminal history category was V, *id.* at 17. This yielded a Sentencing Guidelines imprisonment range of 324 to 405 months as to Count 1, and 60-months as to Count 4, to run consecutively. *Id.* at 23 (under seal).

Defendant filed three objections to the PSR [41], two of which were resolved in his favor prior to sentencing. *See* Defendant's Objections [41-2]; Tr. [49] at 3. The third objection, which related to "the calculation of methamphetamine attributed to Mr. Green based on his cooperation with law enforcement[,]" was withdrawn because defense counsel decided it was better to address the issue in his sentencing memorandum and request a downward variance below the Guidelines range. Tr. [49] at 3; *see also* Defendant's Sentencing Memo. [41-3]. At the sentencing hearing itself, Defense counsel, at the direction of Defendant, raised two additional objections. Tr. [49] at 3-4.

First, Defendant objected to the two-level importation enhancement, arguing that the purity level was actually 72 percent. *Id.* at 4. In Defendant's second objection, he maintained that he was not on probation at the time of the instant offense, such that the two-point increase in his criminal history score for violating

2

post-release supervision was incorrect. *Id.* at 4-5. Defendant pointed out that removing the two criminal history points would result in a criminal history category of IV instead of V. *Id.* at 6.

The Court overruled both objections as untimely, but nevertheless addressed them on the merits. *Id.* at 12-18. As to the first objection, the Court noted that only one batch of the methamphetamine recovered by law enforcement had a purity level around 72 or 73 percent, while the remaining batches, which comprised the "vast majority" of the methamphetamine recovered, had purity levels at 97 percent or higher. *Id.* at 15. Thus, even if one sample was not imported, it was clear "based upon the record and the evidence as i[s] stated in the presentence report" that most of the methamphetamine was of such a high purity that "there are no known laboratories in the United States capable of manufacturing [it] . . . and therefore it had to be imported . . . ." *Id.*

Regarding Defendant's second objection, the Court found that "all the evidence is that he was still on post-release supervision" at the time he committed the instant offense, and the Mississippi Department of Corrections "had no evidence that the release, post-release supervision had been terminated." *Id.* at 17. Moreover, Defendant's supervising jurisdiction had issued a warrant for his arrest and, in the Court's view, it was "difficult . . . to imagine that the Circuit Court in Panola County would have issued a warrant for his arrest were he not on supervision." *Id.* As such, the Court overruled both objections. *See id.* at 12-18.

3

Turning to Defendant's request for a variance, the parties made arguments as to "the calculation of methamphetamine attributed to Mr. Green based on his cooperation with law enforcement[,]" *id.* at 3, and having considered them, the Court imposed a sentence of 344 months as to Count 1, which was in the lower 25 percent of the Guidelines range, "as some acknowledgment of his cooperation when he was initially apprehended . . . ," *id.* at 28. Adding Count 4's mandatory 60-month consecutive sentence, the total sentence imposed was 404 months. *Id.*

Defendant filed a direct appeal, which the Government moved to dismiss, invoking Defendant's waiver of the right to appeal contained in the Plea Agreement [38]. *See* Motion to Dismiss Appeal, *United States v. Green*, No. 22-60563 (5th Cir. Dec. 19, 2022). The Fifth Circuit granted the Government's motion and dismissed Defendant's appeal. *See* Fifth Circuit Mandate [50].

Defendant then filed the instant Motion [55] to Vacate under 28 U.S.C. § 2255, asserting that his counsel was ineffective. *See* Mot. [55]. The Court entered an Order [57] requiring Defendant's former counsel, John Weber ("Weber"), to file an affidavit in response to the Motion [55], *see* Order [57]; Aff. [61], and the Government filed its Response [62] on March 26, 2024, *see* Resp. [62]. Defendant requested two extensions of time to file a reply, which were both granted. *See* Text Only Order, May 14, 2024; Text Only Order, June 12, 2024. Despite these extensions, Defendant has not filed a reply. Therefore, this Motion [55] is fully briefed.

B.        Defendant's Motion [55] to Vacate

1.        Defendant's arguments

Defendant advances six grounds by which he claims Weber was ineffective. *See* Mot. [55]. First, he posits that Weber failed to object to the importation enhancement, because, in his view, the purity level of the methamphetamine seized was actually 73 percent, and "there was no evidence or indication that any of the meth involved in the offense was being imported." *Id.* at 6. Defendant similarly states in Ground Three that "councel [sic] was ineffective in failing to object to +2 enhancement for importation for the reasons stated in issue #1[,]" but he offers no other argument or discussion. *Id.* at 7.

The second ground asserts that Weber failed to object to the application of a two-level increase in Defendant's criminal history score and reasserts that he was not on probation at the time of the offense. *Id.* Defendant reasons that, even if he was on probation, under Amendment 821 to the United States Sentencing Guidelines, the proper increase under U.S.S.G. § 4A1.1(e) is one point, not two, such that his criminal history category should be IV and not V. *Id.* Defendant's fourth ground takes issue with Weber's alleged failure to timely object to the amount of methamphetamine for which he was held accountable in the PSR [41]; specifically, Defendant claims he was wrongly held responsible for 6.67 kilograms of methamphetamine, when the correct quantity was 70-84 grams. *Id.*

Ground Five maintains that Weber failed to advise Defendant that he was pleading to possessing "actual" methamphetamine instead of a "meth-mixture[,]"

5

and "that by failing to advise [him] of this, Mr. Weber deprived [him] of vital knowledge necessary to make an intelligent, knowing, and therefore voluntary plea." *Id.* at 9.  Defendant claims that Weber failed to do this because of his "ignorance on a point of law" and because he "fail[ed] to perform basic research on that point . . . ." *Id.*

In his final ground, Defendant contends that counsel was ineffective for withdrawing at sentencing the objection to "the calculation of methamphetamine attributed to Mr. Green based on his cooperation with law enforcement." Tr. [49] at 3; Mot. 55 at 10-11.  He argues that his sentence should be lowered because the Court should not distinguish between "pure" and "mixture" methamphetamine. *Id.* at 11-12 (citing *United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022)).

2.  Weber's Affidavit [61]

Weber denies Defendant's allegations.  Aff. [61] at 2.  Weber contends that he raised all appropriate objections to the PSR [41], and highlights that in Defendant's Sentencing Memorandum [41-3], he argued that an appropriate sentence would be in the range of 140 to 175 months. *Id.*  Finally, Weber proffers that "[f]rom the inception of appointment of counsel, [he] worked to provide Green with a vigorous defense and competent advocacy[,]" and "that Green was represented with the requisite knowledge, skill, thoroughness, and preparation needed to address all of the issues in his case." *Id.* at 2-3.

3.      <u>The Government's Response [62]</u>

The Government highlights that as to the first and third grounds, "[c]ontrary to Green's allegation, Weber did zealously argue on Green's behalf at sentencing, including raising an objection to the importation enhancement to Green's offense level[,]" but the Court overruled his objection. *See* Resp. [62] at 8-9, 12-13.

Regarding Defendant's second ground, the Government notes that Weber raised this objection at sentencing, but Defendant was unable to present any evidence to counter the Government's showing that he was under supervision at the time he committed the instant offense. *Id.* at 9-10. As to Defendant's argument under U.S.S.G. § 4A1.1(e), the Government acknowledges that under the United States Sentencing Guidelines' Amendment 821, only one point would now be added to defendant's criminal history score. *Id.* But the Government reasons that because Amendment 821 did not go into effect until November 2023, over a year after Defendant was sentenced, Weber was not ineffective for not arguing for a policy amendment that did not exist at the time. *Id.* As to the retroactivity of Amendment 821, the Government states that "in light of both the sentencing factors of 18 U.S.C. § 3553(a) and Green's failed assertions of ineffective assistance of counsel in his § 2255 motion, he remains ineligible for a sentence reduction or early release." *Id.* at 11.

The Government argues that Defendant's fourth ground is "wrong in its calculation" and "factually incorrect." *Id.* at 14-15. The Government cites to U.S.S.G. § 2D1.1, which directs the Court to approximate the quantity of the

7

controlled substance where the amount of drugs seized does not reflect the scale of the offense, and points out that Defendant admitted that, in the four weeks leading up to his arrest, "he had sold approximately five to six pounds of methamphetamine per week." *Id.* at 14. The Government contends it was therefore proper for the Court to use Defendant's own words to approximate the amount of methamphetamine involved. *Id.*

As to the fifth ground, the Government maintains that Weber did not misinform Defendant during plea bargaining and even if he had, counsel's representation must be both deficient and prejudicial in order for Defendant to be entitled to relief. *Id.* at 15-18. The Government emphasizes that no prejudice exists because "[a]t no point does Green state in his § 2255 motion that if his attorney had 'accurately' advised him that he would have opted for a trial instead of pleading guilty." *Id.* at 16.

Finally, the Government states with respect to the sixth ground that while Weber withdrew the third objection pertaining to the calculation of methamphetamine attributed to Defendant, he still presented the issue to the Court in the sentencing Memorandum [42-3]. *Id.* at 18-19. It highlights that the Court "asked Green directly whether he agreed with Weber's decision to withdraw the objection, and Green answered 'Yes.'" *Id.* at 18-19. As to Defendant's argument based on *Robinson*, the Government cites *United States v. Bradley*, No. 1:17CR9-HSO-RHW-1, 2024 WL 625313, at *2 (S.D. Miss. 2024) which rejected the same argument. *Id.* at 19.

II.  DISCUSSION

A.  Legal standard

A prisoner may move to vacate, set aside, or correct his conviction or sentence under 28 U.S.C. § 2255 on any one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Upon a finding that any one of these four grounds are present, a court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b); *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting 28 U.S.C. § 2255(b)).

After the Government answers a § 2255 motion, the district court reviews the motion, the answer, any transcripts, and the record to determine whether an evidentiary hearing is warranted.  *See* Rule 8 of § 2255 Rules.  "A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true."  *United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018), *as revised* (Dec. 19, 2018); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no

9

relief."). However, "[c]onclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013); *see also United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019).

Defendant's § 2255 Motion consists entirely of ineffective assistance of counsel claims. *See generally* Mot. [55]. "[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). To demonstrate ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Andrus v. Texas*, 590 U.S. 806, 813 (2020) ("To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him." (citing *Strickland*, 466 U.S. at 688, 694)). "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).

In assessing the first prong of *Strickland*, "courts must apply a 'strong presumption that counsel performed adequately and exercised reasonable professional judgment.'" *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009) (quoting *Virgil v. Dretke*, 446 F.3d 598, 564 (5th Cir. 2006)). Because the Court

must make every effort to limit the effects of hindsight, a "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Virgil*, 446 F.3d at 608.

Regarding the second prong, in the context of a guilty plea, a defendant is only prejudiced if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *States v. Shepherd*, 880 F.3d 734, 743 (5th Cir. 2018) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Relevant factors to show prejudice include:

> (1) the defendant's evidence to support his assertion that he would have gone to trial had he known the relevant circumstances; (2) his likelihood of success at trial; (3) the risks he would have faced at trial; (4) his representations about his desire to retract his plea; and (5) the district court's admonishments.

*Id.* at 744 (cleaned up). A court must consider this probability objectively, and a defendant cannot demonstrate prejudice based solely on his post-hoc assertions that he would have gone to trial had he been given different advice. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017); *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016).

B. <u>Whether counsel was ineffective</u>

As to Defendant's first, second, and third grounds, Weber was not ineffective because he in fact raised objections regarding these issues at sentencing. *See* Tr. [49] at 3-17. At sentencing, Weber objected to the two-level enhancement for importation of methamphetamine and to the finding that Defendant was on

11

probation at the time he committed the instant offense. *Id.* And although the Court overruled these objections, it also ensured that they were the only ones that Defendant wished to raise:

> THE COURT: All right. So you understand the presentence report now?
> THE DEFENDANT: I do, completely.
> THE COURT: You have had a chance to discuss it with your lawyer and you understand everything that's in it?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: No questions at all about it?
> THE DEFENDANT: No, sir.
> THE COURT: Okay. And he has stated here on the record some objections you have, three objections. Did you hear all of that?
> THE DEFENDANT: Yes, sir.
> THE COURT: And did you understand all of that?
> THE DEFENDANT: Completely, Your Honor.
> THE COURT: Do you agree with those objections?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Are there any other objections that he hasn't mentioned that you have?
> THE DEFENDANT: No, Your Honor, that's everything.

Tr. [49] at 7. Defendant stated under oath that he understood the objections Weber was raising and that he did not wish to raise any others. *Id.* Just because Defendant did not receive a favorable ruling on his objections is insufficient to show that Weber was ineffective. Weber's representation was not deficient as to Defendant's first three grounds.

The fourth and sixth grounds are without merit for similar reasons. These grounds related to the calculation of the amount of methamphetamine attributed to Defendant. *See* Mot. [55] at 7-8, 10-12. Weber withdrew an objection on this issue, choosing to instead argue it in Defendant's Sentencing Memorandum [41-3] and seek a downward variance. Tr. [49] at 3. And Defendant stated under oath at

sentencing that he agreed with withdrawing this objection. *Id.* at 9. Thus, the arguments raised in the objection were litigated before the Court, and Defendant has not shown that Weber's actions fell below an objective standard of reasonableness. *Id.* at 19-21. In addition, the Court stated at sentencing "that had [the objection] not been withdrawn, the Court would have overruled it." *Id.* at 13. Thus, even if withdrawing the objection was not objectively reasonable, Defendant suffered no prejudice in this regard.[1]

Finally, Defendant's fifth ground claims that his plea was not knowing and voluntary because Weber allegedly misinformed him as to an asserted distinction between "actual" methamphetamine and "meth-mixture." Mot. [55] at 9-10. Even if true, "[a]n erroneous estimate by counsel as to the length of an expected sentence is not necessarily indicative of ineffective assistance." *United States v. Sandoval*, 45 F. App'x 319, 2002 WL 1860377, at *1 (5th Cir. 2002); *see also United States v. Bazan*, 77 F.3d 473, 1995 WL 798424, at *3 (5th Cir. 1995) (per curiam) ("this court has previously determined that an attorney's incorrect prediction of the application of Sentencing Guidelines does not constitute ineffective assistance of counsel." (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990); *United Staes v. Pearson*, 910 F.2d 221, 222 (5th Cir. 1990))). Defendant offers no proof, only conclusory assertions, that Weber misinformed him on this issue. *See* Mot. [55] at

---

[1] To the extent Defendant cites *United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022), the Court again rejects this argument for the same reasons it has espoused in the past. *See United States v. Bradley*, No. 1:17CR9-HSO-RHW-1, 2024 WL 625313, at *2-3 (S.D. Miss. Feb. 14, 2024), *appeal dismissed*, No. 24-60102, 2024 WL 3967504 (5th Cir. June 20, 2024); *United States v. Hanks*, No. 1:16-CR-17-HSO-JCG-2, 2023 WL 6133441, at *2-3 (S.D. Miss. Sept. 19, 2023); *United States v. Bradley*, No. 1:17CR9-HSO-RHW, 2023 WL 2254558, at *3-4 (S.D. Miss. Feb. 27, 2023).

8-10. "Because [Defendant] has not demonstrated that trial counsel acted unreasonably in estimating [Defendant's] sentence under the guidelines with the information available to him at the time of the plea, [Defendant] cannot prevail on his ineffective assistance claim." *Sandoval*, 45 F. App'x 319, 2002 WL 1860377, at *1.

As to *Strickland*'s second prong, Defendant has not demonstrated any prejudice. In addition to the other reasons previously stated, at sentencing the Court also stated that, after discussing the relevant factors under 18 U.S.C. § 3553(a),

> in the event it erred in calculating any of the sentencing guidelines in this case or in resolving any objections, the Court would've imposed the same sentence as a variance or non-guideline sentence based upon the offense conduct in this case, the history and characteristics of the defendant, and the other 3553 factors as the Court has discussed them here today.

*Id.* at 34. Even if Defendant showed that Weber failed to object to an error in the Sentencing Guidelines calculation, the Court would have imposed the same sentence as a variance or non-guidelines sentence, meaning any unobjected to error was not prejudicial. Moreover, as to his claim that Weber miscalculated the expected sentence, Defendant's argument fails because he does not state, or provide any evidence to show, that he would not have pleaded guilty but for the alleged miscalculation. *See Shepard*, 880 F.3d at 743.

14

C.      <u>Whether Defendant's sentence should be reduced under Amendment 821 to the United State Sentencing Guidelines</u>

To the extent Defendant seeks relief under Amendment 821, such a claim is not cognizable under § 2255. *United States v. Guerrero*, No. 16-41150, 691 F. App'x 179, 2017 WL 2703676, at *1 (5th Cir. June 21, 2017) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Instead, a request to reduce a sentence based upon the United States Sentencing Commission's adoption of an amendment lowering a sentencing range is properly construed as arising under 18 U.S.C. § 3582(c)(2). *See id.* Defendant should be allowed an opportunity to fully present a claim under Amendment 821, and the Government given an opportunity to respond to it. Therefore, the Court finds the interests of justice are best served by denying Defendant's request for a sentence reduction under Amendment 821 without prejudice to his right to raise such a request in a separate motion.

### III. <u>CONCLUSION</u>

Because the Motion [55], briefs, and record conclusively show that Defendant Jeremy Rhea Green is entitled to no relief, the Court finds that his Motion [55] to Vacate under 28 U.S.C. § 2255 should be denied without an evidentiary hearing. *See Reed*, 719 F.3d at 373 (a defendant is only entitled to an evidentiary hearing on a § 2255 motion if he has presented "independent indicia of the likely merit of his allegations" (internal citations omitted)).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Jeremy Rhea Green's Motion [55] to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Jeremy Rhea Green's request for relief under Amendment 821 is **DENIED, WITHOUT PREJUDICE** to his right to request a sentence reduction under Amendment 821 in a separate motion filed pursuant to 18 U.S.C. § 3582(c)(2).

**SO ORDERED AND ADJUDGED**, this the 22nd day of October, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE